[No. 15669.   Department Two.—May 31, 1895.]

# WILLIAM SUTTER, AN INFANT, ETC., RESPONDENT, v. OMNIBUS CABLE COMPANY, APPELLANT.

NEGLIGENCE—STREETCAR COMPANY—CHANGE OF HORSES—COLLISION—IN-JURY FROM FRIGHTENED TEAM.—Where the driver of a horsecar, after detaching the horses from the car at the company's stables, for the purpose of obtaining a fresh team, swung them into the crowded, busy street, so as to collide with a wagon and team traveling in the same direction as the car, and which was already abreast of him when he swung the horses, his act in so swinging the horses, without either looking or listening for any approaching team, tends to prove negligence; and where, as the result of the collision, the horses ran away, and injured the plaintiff, a verdict against the horsecar company for damages for the resulting injury will be sustained upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lloyd & Wood, W. H. L. Barnes,* and *H. L. Gear,* for Appellant.

The burden is on the plaintiff to prove negligence. (*Towle* v. *Pacific Imp. Co.,* 98 Cal. 342.) There is no responsibility for accidental injury from frightened horses where there is no proof of negligence. (*Brown* v. *Collins,* 53 N. H. 442, 451; 16 Am. Rep. 372; *Shawhan* v. *Clarke,* 24 La. Ann. 390; *Grimes* v. *Louisville etc. Ry. Co.,* 3 Ind. App. 578; *Gottwald* v. *Bernheimer,* 6 Daly, 212; *Quinlan* v. *Sixth Ave. Ry. Co.,* 4 Daly, 488; *Sullivan* v. *Scripture,* 3 Allen, 564; *Brettman* v. *Braun,* 37 Ill. App. 17; *Button* v. *Frink,* 51 Conn. 342; 50 Am. Rep. 24; *Gray* v. *Tompkins,* 15 N. Y. Supp. 953; *O'Brien* v. *Miller,* 60 Conn. 214; 25 Am. St. Rep. 320; *Cotton* v. *Wood,* 8 Com. B., N. S., 568.) Damages cannot be recovered for any accidental injuries where no negligence appears. (*Steen* v. *Williamson,* 92 Cal. 65, 68; *Lewis* v. *Flint etc. Ry. Co.,* 54 Mich. 55, 66; 52 Am. Rep. 790; *Losee* v. *Buchanan,* 51 N. Y. 487; 10 Am. Rep. 623; *Vincent* v. *Stinehour,* 7

CVII. CAL.—24

Vt. 62; 29 Am. Dec. 145; *Brown* v. *Collins*, 53 N. H. 442; 16 Am. Rep. 372; *Bizzell* v. *Booker*, 16 Ark. 308; *Paxton* v. *Boyer*, 67 Ill 132; 16 Am. Rep. 615; *American Express Co.* v. *Smith*, 33 Ohio St. 511; 31 Am. Rep. 561; *Plummer* v. *State*, 4 Tex. App. 310; 30 Am. Rep. 165; *Holmes* v. *Mather*, L. R. 10 Ex. 261; *Wabash etc. Ry. Co.* v. *Locke*, 112 Ind. 404; 2 Am. St. Rep. 193; *Bennett* v. *Ford*, 47 Ind. 264; *Sjogren* v. *Hall*, 53 Mich. 274; *Richards* v. *Rough*, 53 Mich. 212; *Macomber* v. *Nichols*, 34 Mich. 216; 22 Am. Rep. 522.) The driver had the right to expect ordinary prudence from the driver of the passing team, and was not bound to anticipate his negligence. (*Harpell* v. *Curtis*, 1 E. D. Smith, 78, 80; *Anselment* v. *Daniell*, 23 N. Y. Supp. 876, 877; *Pigott* v. *Lilly*, 55 Mich. 154, 158; *Avegno* v. *Hart*, 25 La. Ann. 235; 13 Am. Rep. 133; *Knowles* v. *Crampton*, 55 Conn. 343, 345; *Aznoe* v. *Conway*, 72 Iowa, 568; *Bierbach* v. *Goodyear Rubber Co.*, 15 Fed. Rep. 490; *Barnes* v. *Brown*, 95 Mich. 579, 580.) The driver was not bound to anticipate that his horses would be frightened by an unknown cause. (*Turner* v. *Buchanan*, 82 Ind. 147, 150; 42. Am. Rep. 485; *Jones* v. *Housatonic R. R. Co.*, 107 Mass. 261; *Reeves* v. *Delaware etc. R. R. Co.*, 30 Pa. St. 459; 72 Am. Dec. 713; *Humphreys* v. *Armstrong County*, 56 Pa. St. 204.)

A. *Morgenthal*, for Respondent.

The negligence of the driver was a question of fact for the jury. (*Fiske* v. *Forsyth Dyeing Co.*, 57 Conn. 119. *Gumb* v. *Twenty-third St. R. R. Co.*, 58 N. Y. Sup. Ct. 2; *Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 201; *Fernandes* v. *Sacramento C. R. R. Co.*, 52 Cal. 45; *Shafter* v. *Evans*, 53 Cal. 32; *New England Glass Co.* v. *Lovell*, 7 Cush. 321; *City of Lincoln* v. *Gillilan*, 18 Neb. 117; *Railroad Co.* v. *Stout*, 17 Wall. 657; *McKeever* v. *Market St. R. R. Co.*, 59 Cal. 300; *McDermott* v. *San Francisco etc. R. R. Co.*, 68 Cal. 34; *Noyes* v. *Southern Pac. R. R. Co.*, 92 Cal. 291; *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 171; *Schmidt* v. *Sinnot*, 103 Ill. 162; *Vinton* v. *Schwab*, 32 Vt. 614; *Cook* v. *Clay St. Hill R. R. Co.*, 60 Cal. 608.)

Temple, J.—This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of defendant.

Plaintiff recovered judgment, and defendant appeals from the judgment and from an order refusing a new trial.

The point presented here is that there was not only a total lack of evidence tending to show negligence on the part of defendant, but that it was proven by evidence which was not contradicted that the injury was caused by inevitable accident.

The following extract from the opinion of the learned judge of the trial court gives a short and concise statement of the facts in regard to the event: " Peter Duffey, the said driver, a witness for defendant, explained how the horses came to run away.   It seems that defendant keeps its stables at the corner of Third and Tehama streets, where horses are changed to and from the cars, which are propelled by horses on this Third street line. On the day in question, when the defendant's horses ran away and injured this lad, this said driver was taking his car along Third street, and, when he came to Tehama street, he stopped his car, pulled the pin which holds the pole to the car in front—and to which the horses were attached—swung his team, attached to his pole, around at right angles to the car, and into the portion of the street or roadway lying between the car track and the curbstone of Third street, intending to take the team into the stable and replace them with another and fresh span of horses.   When the driver so swung his team around, and from the front of the car, they collided with a team being driven up from behind the car. The team, consisting of two horses, was attached to a wagon, and was rapidly traveling in the same direction as the car, probably following the car, so far as can be inferred from the evidence.   The cardriver said: ' Just as I was swinging my team around a wagon came by, right by the car, and struck my off horse, banging right up against my team, banged the off horse right up

against the right one, and they got on a jump.' The horses then ran away, dragging the driver with them, throwing him down, and pulling away from him, and then dashing along Tehama street and injuring the boy as before noted.

" The driver testified, on cross-examination, that he neither looked nor listened for any approaching team when he unhitched the horses from the car and swung them off from the car tracks into the roadway, where they were struck by the team attached to the wagon. He said, in effect, that it was not his business to look or listen for approaching teams; that he did n't expect a team would run against his horses; that it was the business of approaching teams to avoid a collision with him. It would appear from this witness' testimony that he swung his car team directly into this approaching team. At any rate the collision was immediate, so he testified, on the swinging of the car team into the roadway."

Third street is the direct line to the Southern Pacific Railroad depot, and is much traveled by trucks and other vehicles. The horses were turned to the right— directly into the approaching team. The car being confined to the tracks, persons driving along the street in the same direction would not anticipate that the team would turn across the track. Coming from behind they could not see the movements of the driver or team. Can we say, as matter of law, that to swing the team across the track into the crowded, busy street, under such circumstances, does not tend to prove negligence? For my part, I cannot see how the jury could have found otherwise than as they did.

Appellant's counsel says, if the driver had looked he would have seen teams approaching, and, if this was negligence, it would have been negligent to have turned his horses so long as any one was near, and he could have stood all day; and he thinks that the application of a modicum of common sense would show that he was

not bound to look to see if some reckless and vicious person would not run into him.

All this might tend to prove that it is negligent for defendant to turn its horses at this point, but the illustration of counsel is not a fair one. The driver turned his horses into a team which was already abreast of him. If he had seen that there was room to turn his horses and get into the street far enough from an approaching wagon to be seen he might expect drivers of other vehicles to avoid colliding with him. If the place selected for turning his horses was so crowded with teams that he could not do this, means should have been provided to stop the rush long enough to turn, and, if this could not be done, he ought not to have attempted the movement. It would be a demonstration that the place chosen was inappropriate.

The judgment and order are affirmed.

HENSHAW, J., and McFARLAND, J., concurred.

Hearing in Bank denied.